**United States District Court**
**District of Massachusetts**

| | | |
|---|---|---|
| **Kisanet Aregawi Berhe,**<br>**Petitioner,**<br>**v.**<br>**David Wesling, et al.,**<br>**Respondents.** | ) | **Civil Action No.**<br>**1:26-cv-14066-NMG** |

**ORDER**

**GORTON, J.**

This case arises from the petition for writ of habeas corpus (Docket No. 1) of petitioner Kisanet Aregawi Berhe ("petitioner" or "Berhe"). She contends that David Wesling and other named respondents ("respondents") have subjected her to mandatory detention in violation of her rights under the Fifth Amendment to the United States Constitution. She also avers that the conditions of confinement at the Field Office of United States Immigration and Customs Enforcement in Burlington, Massachusetts ("ICE Burlington Office") violate her Fifth Amendment Due Process rights.

Respondents have requested immediate transfer of Berhe from the ICE Burlington Office, a temporary holding facility, to Strafford County Department of Corrections in Dover, New

Hampshire, a more permanent holding facility, and vacatur of the 72-hour notice requirement ordered by this Court.

Berhe has exhausted her administrative remedies by requesting a bond hearing at the Chelmsford Immigration Court on September 3, 2026. Based upon the reasons set forth in Guerrero Orellana v. Moniz, No. 25-2152, 2026 WL 2352042 (1st Cir. Aug. 13, 2026), the petition for writ of habeas corpus (Docket No. 1) is therefore **ALLOWED**, in part, and **DENIED** without prejudice, in part. The Court directs that Berhe is to be released unless she is afforded a bond hearing that complies with the standards in Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021), within seven days of the date of this order.

Although the Court understands that the ICE Burlington Office is only a temporary holding facility, the Court agrees that Berhe should remain in the District of Massachusetts pending further court proceedings. Respondents' Motion for Immediate Transfer of Petitioner is **DENIED** without prejudice until Berhe has been afforded a bond hearing. The 72-hour notice requirement as imposed by this Court (Docket No. 4) remains in effect.

If Berhe remains detained at the ICE Burlington Office after such hearing, she may refile her petition with respect to

the constitutionality of the conditions of her confinement and respondents may refile its motion for transfer of petitioner.

**So ordered.**

Nathaniel M. Gorton

Nathaniel M. Gorton
Senior United States District Judge

Dated: September 15, 2026